U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

DEC 12 2025

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 125-067 |
| | * | |
| TORINA LORENZO COLEMAN | * | |

**ORDER**

Pursuant to 18 U.S.C. § 3145(a), the government has filed an appeal from the United States Magistrate Judge's November 14, 2025 Order Setting Conditions of Pretrial Release. After an independent and *de novo* review of the detention proceedings before the Magistrate Judge, the government's arguments, and the relevant law, the Court finds that pretrial release is appropriate and therefore affirms the Order Setting Conditions of Release.

### I.  LEGAL STANDARD

This Court's review of the Magistrate Judge's decision is *de novo*. United States v. Hurtado, 779 F.2d 1467, 1481 (11th Cir. 1985) (stating the "district courts undertake *de novo* review of the pretrial detention determinations of the magistrates"); see also United States v. Rodriguez-Sanchez, No. 619CR222ORL37, 2019 WL 5789725, at *1 (M.D. Fla. Nov. 6, 2019)("Upon request, a district court will promptly review a pretrial release order issued by a magistrate judge. That review is *de novo*." (citations omitted)). In conducting a *de novo* review, the Court may conclude

that additional evidence is necessary and conduct its own evidentiary hearing. United States v. King, 849 F.2d 485, 490 (11th Cir. 1988).

Under the Bail Reform Act, in cases involving "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," 18 U.S.C. § 3142(f)(1)(C), the Court must determine whether any "condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," 18 U.S.C. § 3142(e)(3). Here, there is no dispute that, at the time of the detention hearing, there was probable cause to believe Defendant committed the crime of possession with intent to distribute methamphetamine in violation of 18 U.S.C. § 841(a)(1). (See doc. 22, p. 15.) Accordingly, a statutory presumption arose "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A); see also Hurtado, 779 F.2d at 1479. This presumption is subject to rebuttal by Defendant, who "carries the burden of production to come forward with evidence to rebut the presumptions." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); see also United States v. King, 849 F.2d 485, 488 (11th Cir. 1988) ("This statutory presumption imposes only the

2

burden of production on [defendant] and does not shift the burden of persuasion concerning risk of flight and dangerousness.")

In determining whether the presumptions of dangerousness and flight are rebutted, the Court considers: (1) the nature and circumstances of the crime charged (including whether the offense is a crime of violence); (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including, *inter alia*, their personal character, mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history of drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. See 18 U.S.C. § 3142(g); see also United States v. Wingo, 490 F. App'x 189, 191 (11th Cir. 2012) (*per curiam*). Even if Defendant introduces rebuttal evidence, the presumption of detention "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relative to factors listed in section 3142(g)." See Quartermaine, 913 F.2d at 916 (quotations and citations omitted).

The Government bears the burden of demonstrating no condition or combination of conditions will reasonably assure Defendant's appearance by a preponderance of the evidence and the burden of establishing by clear and convincing evidence that no condition or

3

combination of conditions will reasonably assure the safety of other persons or the community. <u>See</u> 18 U.S.C. § 3142(f); <u>United States v. Medina</u>, 775 F.2d 1398, 1402 (11th Cir. 1985)

## II. DISCUSSION

As a preliminary matter, the Court is aware the government's motion was filed prior to the availability of the detention hearing transcript. (<u>See</u> doc. 19, p. 4 n.2. (explaining the government planned to submit an expedited transcript request).) As such, in response to the government's motion, Defendant argues the government's motion should be denied because it is devoid of any citation to a record, transcript, or exhibit in violation of Local Rule 12(f). (Docs. 23, 24.) As the detention hearing transcript has since been filed, for the sake of efficiency, the Court considers the government's factual assertions in light of this transcript. Thus, the Court concludes the record is complete, and another hearing is unnecessary. Defendant's motion to dismiss for failure to follow Local Rule 12(f) is **DENIED**. (Doc. 23.)

In its motion, the government contends the Magistrate Judge erred in concluding Defendant rebutted the presumption that he is a danger to the community and a flight risk, instead arguing the government met its respective burdens to show Defendant is a serious flight risk and danger to the community. (<u>See</u> doc. 19.) To bolster this argument, the government points to the facts surrounding Defendant's federal case, including the large amount

of methamphetamine at issue, as well as Defendant's bond violation in his currently pending state case and his criminal history. (Id. at 4-6; see also doc. 22.)

After a thorough, independent, *de novo* review of the record and the Magistrate Judge's pretrial release decision, the Court affirms the grant of bond. The Court finds that the bond conditions imposed by the Magistrate Judge provide the requisite reasonable assurances, including location monitoring and home detention for all but the most important of life activities such as work, church, medical appointments, and court appearances. (See id.)

Yes, the crimes charged are serious and Defendant did panic when officers appeared at his house to execute the search warrant. (Id. at 11-15; see also doc. 3.) At the same time, however, and as the Magistrate Judge found, Defendant has had no felony convictions over the last twenty years, and he has not committed any concerning violations of his bond while on release on related state charges during the past eight months. (Doc. 22, pp. 16, 22-23.) The only violation alleged concerns his residential address changing without approval of the state probation officer. (Id. at 14-15, 17, 19-20.) Furthermore, Defendant is a lifelong resident of the CSRA, works full-time at Mavis Tire Shop, and is active in the lives of his children. (Id. at 16-18.) In sum, the bond conditions strike the appropriate balance.

### III. CONCLUSION

For these reasons, the Magistrate Judge correctly found Defendant should be released pending trial. The Court finds Defendant rebutted the presumption, and the government has not met its burden by a preponderance of the evidence that Defendant is a serious flight risk, nor has it shown by clear and convincing evidence that Defendant is a danger to the community.

Thus, the Court **DENIES** the government's motion for revocation of the order setting conditions of release, (doc. 19), and **AFFIRMS** the Magistrate Judge's November 14, 2025 Order Setting Conditions of Release, (doc. 16). As explained, Defendant's motion to dismiss is **DENIED**. (Doc. 23.)

**ORDER ENTERED** at Augusta, Georgia, this 12th day of December, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA